UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:15-CV-649-JHM

GULF STATES PROTECTIVE COATINGS, INC.                       PLAINTIFF

V.

CALDWELL TANKS, INC., et al.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Caldwell Tanks, Inc.'s Motion to Partially Exclude Opinion Testimony by Jeffrey Katz [DN 38]. Fully briefed, this matter is ripe for decision. For the following reasons, Caldwell Tank, Inc.'s Motion is **GRANTED**.

## I. BACKGROUND

This case arises from a series of subcontract agreements between Gulf States Protective Coatings, Inc. ("Gulf States") and Caldwell Tanks, Inc. ("Caldwell Tanks"). Caldwell Tanks was hired to construct, furnish, and install three 1,000,000-gallon elevated water storage tanks in Fort Belvoir, Virginia. In the course of this project, Caldwell Tanks entered into three separate subcontract agreements with Gulf States. In those subcontracts, Gulf States agreed to perform work on each of the water storage tanks, specifically sandblasting, priming, and cleaning the tanks "to ensure final completion of the work." (Amend. Compl. ¶ 11.)

Quickly, the relationship of the parties deteriorated. Ultimately, Caldwell Tanks terminated the contracts. Gulf States filed this lawsuit seeking payment for the work it performed. Caldwell Tanks counterclaimed seeking damages for costs it incurred completing the work Gulf States did not finish.

As part of their expert disclosures, Gulf States revealed that it intended to use the expert testimony of Jeffrey Katz. (Expert Disclosures [DN 35] at 2.) Caldwell Tanks seeks to exclude

portions of Katz's testimony, specifically Katz's opinions that (1) Caldwell's failure to pay Gulf States was a material breach of the subcontracts; and (2) Gulf States was entitled to an extension of time to perform its work due to inclement weather encountered while Gulf States was working on the project that constitute excusable delays. (Mem. in Support of Mot. to Partially Exclude [DN 38-1] at 3.)

## II. STANDARD OF REVIEW

Fed. R. Evid. 702 permits opinion testimony by witnesses who are sufficiently qualified to testify as experts:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ. P. 702. The Sixth Circuit has interpreted Rule 702 so as to impose three requirements for expert testimony:

> First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Third, the testimony must be reliable. *Id.*

*In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528−29 (6th Cir. 2008).

In determining whether testimony is reliable, the Court's focus "must be solely on principles and methodology, not on the conclusions they generate." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993). The Supreme Court identified a non-exhaustive list of factors that may help the Court in assessing the reliability of a proposed expert's opinion, including: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or

potential error rate; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." *Id.* at 592−94. Yet, these Daubert facts "are not dispositive in every case and should be applied only where they are reasonable measures of the reliability of expert testimony." *In re Scrap Metal*, 527 at 529 (internal quotation marks omitted). The purpose of the rule is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "Red flags that caution against certifying an expert include reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012).

Additionally, Fed. R. Evid. 704 has also made clear that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, this inclusion of opinions that go to the ultimate issue in a case "does not lower the bars so as to admit all opinions." Fed. R. Evid. 704 Advisory Committee Notes

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helps of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

*Id.* Likewise, the Sixth Circuit has concluded that, "testimony offering nothing more than a legal conclusion—i. e, testimony that does little more than tell the jury what result to reach—is properly excludable under the Rules." *Woods v. Lexcureux*, 110 F.3d 1215, 1220 (6th Cir. 1997).

## III. DISCUSSION

Caldwell Tanks requests that the Court exclude two of the opinions expressed by Katz. The first of those opinions is that Caldwell Tanks' failure to pay Gulf States was a material breach of the subcontracts. The Court agrees that this opinion is properly excludable. Whether there has been a material breach of the contract is an issue that a fact-finder will be asked to decide, whether that be a judge or jury. As the Federal Rules of Evidence Advisory Committee and the Sixth Circuit Court of Appeals have both made clear, it is not helpful for an expert to tell the fact-finder what result to reach. While Katz is permitted to use his expertise in helping the fact-finder understand the technical side of what occurred during the Fort Belvoir project, his opinion as to whether there was a material breach of the subcontract is not helpful and therefore, will be excluded.

Second, Caldwell Tanks asks the Court to exclude Katz's testimony that Gulf States was entitled to an extension of time to perform its work due to inclement weather encountered while Gulf States was working on the project that constitutes excusable delays. The Court agrees that this opinion should be excluded as it is unreliable and unhelpful. In forming this opinion, Katz has not revealed any reliable methodology for determining that there was an "excusable delay." Notably, there is no provision allowing for "excusable delay" found in the contract between the parties. Within his report, Katz only offers the anecdotal contention, "Weather days which impacted the prosecution of [Gulf States'] work must be considered as excusable delays." (Katz Report [DN 35-1] at 19.) He does not explain how he arrived at this conclusion and does not claim that this view is one generally accepted within the construction community. Because Katz's opinion as to what constitutes "excusable delay" in the contract between the parties is not based upon reliable principles or methodology, this opinion will be excluded.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Caldwell Tank's Motion to Partially Exclude Opinion Testimony by Jeffrey Katz is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

February 20, 2018

cc: counsel of record